RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0004p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

In re: CRYSTAL BOUVIER WICKER,

*Debtor*.

─────────────────────────────────

DERRICK HILLS,

*Appellant*,

*v.*

DANIEL M. MCDERMOTT,

*Appellee*.

No. 12-1342

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 5:11-cv-12373—John Corbett O'Meara, District Judge.

Decided and Filed:  November 9, 2012[*]

Before:  GUY and ROGERS, Circuit Judges; HOOD, District Judge.

─────────────────

**ORDER**

─────────────────

Derrick Leon Hills, proceeding pro se, appeals the district court's judgment affirming the bankruptcy court's order requiring him to pay penalties and fines for violating various subsections of 11 U.S.C. §§ 110 and 526.  This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C).  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

On March 26, 2010, Crystal Bouvier Wicker filed a Chapter 7 bankruptcy petition and a declaration under penalty of perjury that she did not have help in preparing

─────────────────

[*]This decision was originally issued as an "unpublished decision" filed on November 9, 2012. The court has now designated the order as one recommended for full-text publication.

her petition. Subsequently, Wicker filed an amended declaration, indicating that "Derek," an employee of Crane and Shore, LLC, had helped her prepare her bankruptcy filing in exchange for a payment of $400. At a June 23, 2010, show-cause hearing, Wicker testified that a man at a Crane and Shore office had helped her prepare her bankruptcy petition, but she denied that Hills was the man who assisted her. Hills testified that he was the sole shareholder and incorporator of Crane and Shore, and that no other individual associated with Crane and Shore was named Derrick, but he denied assisting Wicker with her bankruptcy filing.

The United States Trustee ("Trustee") subsequently filed a motion for an order requiring Hills to make payment to Wicker, the bankruptcy court, and the Trustee. The Trustee attached to his motion a transcript from a December 2, 2010, deposition in a separate case, in which Wicker stated under oath that Hills had helped prepare her bankruptcy petition. According to Wicker, Hills instructed her to deny his involvement in preparing her filings and told her how to respond to questions that she would be asked at the creditors' meeting. When Wicker was served with a criminal complaint following her testimony at the show-cause hearing, Hills met with her and "told [her] not to be afraid and don't accept any plea bargains . . . and everything will be okay."

On May 4, 2011, the bankruptcy court held a hearing on the Trustee's motion. Hills testified that he formed Crane and Shore, but could not recall if he had ever met Wicker at a Crane and Shore office. Wicker testified that she met with Hills and paid him $400 in cash for his assistance in preparing her bankruptcy petition. After Wicker's meeting with creditors, Hills told her to conceal the fact that she gave him money. Wicker falsely testified at the show-cause hearing that she did not recognize Hills. She did this out of fear because she did not know Hills personally, Hills had her personal information, and her husband was no longer living with her. Wicker testified that Hills had not informed her about an injunction that prevented him from assisting with bankruptcy filings. The bankruptcy court admitted into evidence three orders from a separate bankruptcy case that permanently enjoined Hills from providing bankruptcy petition preparation services.

Following the hearing, the bankruptcy court ordered Hills to pay a total of $11,500 in penalties and fines, consisting of: (1) $2,000 to Wicker pursuant to § 110(i)(1)(B); (2) a $4,500 fine, consisting of three $500 fines for violating § 110(b), (c), and (e)(2)(A), and a tripling of these fines under § 110(l)(2); and (3) a civil penalty of $5,000 under § 526(c)(5)(B). Hills appealed to the district court, which affirmed the bankruptcy court's judgment.

On appeal, Hills argues that the bankruptcy court abused its discretion in imposing fines and penalties because the court should not have credited the testimony of Wicker, who admitted to lying under oath. Hills also argues that the imposition of penalties under § 110 improperly deprived him of the right to work as a bankruptcy petition preparer.

When we review a decision of a district court in a case that originated in a bankruptcy court, we uphold the bankruptcy court's factual determinations unless clearly erroneous. *In re Cannon*, 277 F.3d 838, 849 (6th Cir. 2002). We review the lower courts' conclusions of law de novo. *Id.* We have not directly addressed the standard of review that is applied to a bankruptcy court's award of fines and penalties and need not do so now because, regardless of the standard of review applied, the record shows that the bankruptcy court committed no error.

First, the bankruptcy court did not clearly err in crediting Wicker's testimony that Hills helped prepare her bankruptcy filing and instructed her to deceive the court about his involvement. As the bankruptcy court noted, Wicker unequivocally recanted her initial testimony that Hills did not assist her with her bankruptcy filing. Wicker explained that she lied under oath because she feared retribution from Hills. Wicker's testimony during the deposition and at the May 4, 2011, hearing corroborated the information that she provided in her amended declaration, indicating that she was assisted by a man named "Derek" at Crane and Shore. By Hills's own admission, he was the sole owner of Crane and Shore, and there was no evidence that Crane and Shore employed or was associated with another individual named Derek. Accordingly, the

record does not show that the bankruptcy court's credibility determination was clearly erroneous.

The bankruptcy court also did not err in ordering Hills to pay fines and penalties under §§ 110 and 526. Section 110(i)(1) instructs a bankruptcy court to order a "bankruptcy petition preparer," defined as "a person, other than an attorney for the debtor or an employee of such attorney . . . , who prepares for compensation a document for filing," to pay the debtor the greater of $2,000 or twice the amount paid by the debtor to the preparer if the preparer commits a fraudulent, unfair, or deceptive act. 11 U.S.C. § 110(a)(1), (i)(1). The bankruptcy court properly found that Hills engaged in fraudulent, unfair, and deceptive conduct by failing to disclose to Wicker that a court had enjoined him from preparing bankruptcy filings. Because Wicker paid Hills only $400 for his services, the bankruptcy court properly set the penalty amount at $2,000. *See* 11 U.S.C. § 110(i)(1)(B)(i).

The bankruptcy court also did not err in ordering Hills to pay a $4,500 fine to the Trustee. Under § 110(l)(1), the bankruptcy court may order a bankruptcy petition preparer who does not comply with § 110(b) through (h) to pay a $500 fine for each violation. *See* 11 U.S.C. § 110(l)(1). The court correctly found that Hills violated: (1) § 110(b) by failing to sign the bankruptcy filings that he prepared for Wicker; (2) § 110(c) by failing to list his social security number on Wicker's filings; and (3) § 110(e)(2)(A) by providing legal advice to Wicker—by instructing Wicker to testify falsely about his involvement in the preparation of her bankruptcy filings. *See* 11 U.S.C. § 110(b), (c), (e)(2)(A). The § 110(e)(2)(A) violation is further supported by Wicker's deposition testimony indicating that, after she was served with a criminal complaint, Hills instructed her not to accept a plea bargain and to continue denying his involvement. The court properly tripled the penalty award for these three violations—increasing the award from $1,500 to $4,500—because Hills prepared the documents in a manner that failed to disclose his identity. *See* 11 U.S.C. § 110(l)(2)(D).

The bankruptcy court also properly ordered Hills to pay a civil penalty of $5,000 for intentionally violating § 526(a)(2). Section 526(a)(2) prohibits debt relief agencies,

including bankruptcy petition preparers, *see* 11 U.S.C. § 101(12A), from "mak[ing] any statement, or counsel[ing] or advis[ing] any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading. . . ." 11 U.S.C. § 526(a)(2). If a bankruptcy petition preparer violates this provision intentionally, the court may "impose an appropriate civil penalty." 11 U.S.C. § 526(c)(5)(B). The record shows that Wicker initially submitted a declaration stating that she had no assistance in preparing her bankruptcy filing. Wicker's testimony that Hills instructed her to conceal his involvement in the filing of her bankruptcy petition supports the bankruptcy court's conclusion that Hills advised her to make an untrue statement in the filed declaration, and that he did so intentionally. Accordingly, the court was authorized to impose a civil penalty under § 526(c)(5)(B).

Finally, Hills appears to argue that the bankruptcy court violated his rights by preventing him from working as a bankruptcy petition preparer. However, the injunction preventing Hills from preparing bankruptcy petitions was issued by a different judge in a separate case, and Hills cannot challenge that injunction in this appeal. Furthermore, the sanctions imposed in the instant case stem from Hills's violations of sections 110 and 526, specifically, his failure to inform Wicker of the prior injunction, his failure to include required information in the documents that he prepared for Wicker, and his instructions to Wicker to conceal his identity. The fines and penalties were not imposed merely because Hills assisted Wicker in preparing her petition.

Accordingly, for the foregoing reasons, we affirm the district court's judgment. Fed. R. App. P. 34(a)(2)(C).

ENTERED BY ORDER OF THE COURT

/s/ Deborah S. Hunt

Clerk